IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv163

IN RE:                                              )
    SPEARMAN FOOD DISTRIBUTORS, INC.,    )
                                                    )
    Debtor.                                     )
    Chapter 11 Case No. 10-10409           )
    _____)

## ORDER

**THIS MATTER** is before the Court on the Notice of Appeal of the United States Bankruptcy Administrator for the Western District of North Carolina [Doc. 1].

On April 14, 2010, Spearman Food Distributors, Inc. (Food) filed a Voluntary Petition pursuant to Chapter 11 of the United States Bankruptcy Code. [Bky. 10-10409, Doc. 1]. The attorney for the Debtor was H. Trade Elkins (Elkins). [Id., at 3]. The Petition was signed by Joe D.Spearman, Jr. (Jr.) as the President of Food. [Id.]. It was disclosed in the Petition that three related bankruptcy cases were pending in the Western District of North Carolina: (1) a Petition for Jr.; (2) a Petition for Joe D. Spearman, Sr. (Sr.), Jr.'s father and the Vice-President of Food; and (3) a Petition for Spearman

Furniture, Inc. (Furniture), a corporation wholly owned by Jr. and Sr.[1] [Id., at 3-4]. Carolina First Bank was identified as one of the twenty largest unsecured creditors of Food in connection with three parcels of real estate: (1) Lot 12, Macedonia Lakes, a lake house, title to which was held by Sr.; (2) the furniture store, title to which was held by Sr.; and (3) the business location for Food, title to which was held by Jr. [Id., at 5; Bky. 10-10411; Bky. 10-10412]. Jr. owns 18% of the stock in Food while Sr. owns 82% of the company's stock. [Id.]. Food's facility is leased from Jr. who, as noted above, owns the real estate. [Id.]. At the same location, Jr. leases space to Asheville Packing, Inc. (Packing), a business owned by Jr. [Id., Doc. 15]. One of the assets of Food disclosed in the bankruptcy proceeding is a security deposit in the amount of $7,500.00 paid to Duke Power by Sr. [Id., at 5]. Two state court judgments were shown against Food and Jr. as co-debtors: one by Enmark Stations, Inc. and a second by Arvon Funding LLC. [Id., at 27].

On June 7, 2010, Food, Jr. and Sr. filed a motion to allow the joint administration of the Chapter 11 proceedings for their Estates. [Id., Doc. 20]. Simultaneously, they filed an Application to Employ Attorney in which they

---

[1] In re Joe Spearman, Jr., Bky. 10-10412; In re Joe Spearman, Sr., Bky. 10-10411; In re Spearman Furniture, Inc., Bky. 10-10410. Each of the individual petitions were Chapter 11 proceedings filed on the same date as the petition for Food. Furniture filed a petition pursuant to Chapter 7 on the same day.

each sought to employ Elkins as their attorney for the Chapter 11 proceedings. [Id., Doc. 18]. The Bankruptcy Administrator objected to the Application, arguing that pursuant to 11 U.S.C. §327(a), Elkins either held or represented interests which were adverse to the Estates.[2] [Id., Doc. 24]. She also argued that pursuant to 11 U.S.C. §101(14), Elkins was not a disinterested person.[3] [Id.]. The Administrator noted that Sr. owns the real estate at which Furniture did business and for which Furniture was obligated to Sr. as an unsecured creditor pursuant to a lease. [Id.]. In fact, in its bankruptcy petition, Furniture scheduled rent owed to Sr. in the amount of $158,600.00. [Id.]. As a result, the Administrator noted that "a conflict may arise between Elkins' duty to cooperate with [Furniture's] Trustee while representing [Sr.]." [Id.]. The Administrator also argued that the entangled ownership positions and debt load among Jr., Sr., and the entities rendered it impossible for Elkins to be a disinterested person representing interests which were not adverse to Food.

---

[2] §327(a) provides that the attorney may "not hold or represent an interest adverse to the estate, and [must be] disinterested[.]" 11 U.S.C. §327(a).

[3] 11 U.S.C. §101(14) provides some interplay between the definition of an adverse interest and a disinterested person. It defines a "disinterested person" as meaning the person does not have "an interest materially adverse to the interest of the estate ... by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. §101(14)(A) & (C).

3

In support of the application for the employment of Elkins, the Debtors pointed out that Sr. is the sole shareholder and owner of Furniture and that Jr. and Sr. are the only owners, officers and directors of Food. [Id., Doc. 26]. The three Chapter 11 proceedings were filed to preclude the foreclosure proceedings initiated by Carolina First Bank against the three parcels of real estate referenced above which are owned by Jr. and Sr. and which had been used to collateralize a business loan to Food by the bank. [Id.]. The loan had also been personally guaranteed by Jr. and Sr. [Id.].

A hearing was conducted by the Hon. George R. Hodges, United States Bankruptcy Court Judge, on July 21, 2010 and the transcript thereof has been made part of the record on appeal. [Doc. 2]. At the hearing, Elkins argued to the Court that they had taken "great care at the outset, prior to filing [bankruptcy], to make sure that there was no pending controversy between [Food] and the two principals of that company, which are Spearman, Jr. and Sr." [Bky. 10-10409, Doc. 29, at 5]. Counsel for Carolina First Bank was present at the hearing and stated:

> [The bank has] been trying to foreclose these loans for a year[.] I think the practical solution is for them to stay in and have one attorney. This case can't support three different attorneys and, to the extent there might be some minor squabble between daddy and son, they are all on the hook to [the bank] for a lot of money, and we would just as soon see the case move ahead as

4

economically as possible and as fast as possible.

[Id., at 4].

The Bankruptcy Court overruled the Administrator's objection and granted the application to employ Elkins as the attorney for Food. [Doc. 1-1]. In so doing, he made the following findings: (1) Elkins is a disinterested party and has no adverse interest to the estates which he seeks to represent; (2) although Elkins "seeks to simultaneously act as attorney for all three estates, and represents a fourth related estate within the context of a Chapter 7 filing, the Court finds no present conflict;" (3) no creditor with the exception of the Bankruptcy Administrator objected to Elkins' simultaneous representation and, indeed, Carolina First Bank supported the application; (4) the collective financial goals of all three debtors are aligned, "such that a successful reorganization for one will yield a successful reorganization for all;" (5) there was no evidence that Elkins would be required to seek contribution or recovery from one estate against another; and (6) although two corporate debtors represented by Elkins owe money to the individual debtors, there is no active and operative conflict which renders Elkins' position untenable. [Id.]. From this ruling, the Bankruptcy Administrator timely appealed.[4]  Fed. R.

---

[4]The Court also orally ruled against the motion to consolidate the three Chapter 11 proceedings for administration but did not enter a written order.

Bankr. P. 8002(a).

While the appeal has been pending, the various bankruptcy proceedings continued. On the motion of the Bankruptcy Administrator, Hon. George R. Hodges converted all three Chapter 11 proceedings to Chapter 7 on April 21, 2011. [Bky. 10-10409, Doc. 75; Bky. 10-10411, Doc. 74; Bky. 10-10412, Doc. 74]. In ruling that conversion of the Chapter 11 petition for Food to a Chapter 7 proceeding was proper, the Court noted that the proceedings for Jr. and Sr. had each been converted to Chapter 7 and held that "no conflict of interest exists with the appointment of the same Chapter 7 Trustee in [Food's] case and the related cases." [Bky. 10-10409, Doc. 75]. The Court also authorized the Bankruptcy Trustee, Langdon Cooper (Cooper), to operate Food's business.[5] [Id.]. On May 3, 2011, the Court entered an Order consolidating the three cases for administration with Food's case being the lead case. [Id., Doc. 86].

After the conversions and consolidation, the individual debtors made significant concessions to creditors which also appear to have rendered this appeal moot. On June 1, 2011, Sr. surrendered the real estate at which

---

[5]See 11 U.S.C. §721 ("The court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate.").

6

Furniture operated to Carolina First Bank as well as Lot 12, Macedonia Lakes, the lake house. [Bky. 10-10411, Doc. 95]. The bank subsequently received relief from the stay to continue with the foreclosure of the lake house. [Id., Doc. 96]. Likewise, on June 1, 2011, Jr. reaffirmed the debt owed to Carolina First Bank in connection with the business loan collateralized by the real estate at which Food operates. [Bky. 10-10412, Doc. 72]. Jr. advised that Food and Packing both operate out of the building located at 980 Upward Road and that each company pays $3,500.00 per month which was used to pay Carolina First Bank on the note. [Id., Doc. 68]. When it became obvious that the Chapter 11 proceeding for Food was not functioning, Jr. made the payments himself. [Id.].

In Food's converted Chapter 7 case, the Bankruptcy Trustee, Cooper, moved pursuant to §327 for leave to employ Elkins as his attorney "to represent the Trustee in the administration of the real property of these estates[.]" [Id., Doc. 95]. The record does not disclose that the Bankruptcy Administrator objected to this motion, most likely because the conversion of all three cases to Chapter 7 rendered moot her previous objections. In granting the motion, the Bankruptcy Court held:

> Elkins has affirmed that to the best of his knowledge and belief [he] is a "disinterested person" as that term is defined in 11 U.S.C.

7

> Section 101(14), as he does not hold or represent an interest adverse to this bankruptcy estate or its creditors with respect to the limited assignment he would be undertaking concerning certain real estate. While he represents the Debtors generally in these cases, he can also simultaneously represent the Trustee and the estates in the investigation of titles and related real property matters, as the interests of the Debtors and the Trustee in the real property matters are aligned because the proceeds from the sale of any real property would as a practical matter fund the payment of claims in these bankruptcy estates.

[Id., Doc. 96, at 2]. No appeal was taken from this ruling.

Meanwhile, the Chapter 7 proceeding for Furniture moved apace with the Trustee's Final Report being filed on May 23, 2011. [Bky. 10-10410, Doc. 26]. On September 15, 2011, the Final Decree closing Furniture's Chapter 7 case was entered. [Id., Doc. 30].

It appears to the Court that the conversion of Food's bankruptcy case to Chapter 7 and the progression of the related cases has rendered this appeal moot. It may be that the Bankruptcy Administrator simply overlooked the procedural mechanism of moving to dismiss the pending appeal. However, in the interest of not wasting the overburdened resources of the judiciary, the Court will ask the Administrator to either move for dismissal of the appeal or advise why the appeal has not been rendered moot.

8

**IT IS, THEREFORE, ORDERED** that on or before September 22, 2011, the Bankruptcy Administrator shall either move for dismissal of the appeal or file explanation why the appeal has not been rendered moot.

Signed: September 16, 2011

Martin Reidinger
United States District Judge